PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 7 2023
CLERK, U.S. DISTRICT COURT
By SAW Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** Northern **DISTRICT OF TEXAS**
Ft Worth **DIVISION**

JKD-CID# 0998964
Plaintiff's Name and ID Number

Tarrant Co Jail-Green Bay Facility
Place of Confinement

4-23CV-122-P

CASE NO.____________________
(Clerk will assign the number)

v.

Bill WayBorn, Tarrant Co Sheriff,
Defendant's Name and Address

Tex Comm on Jail Standards,
Defendant's Name and Address

Tarrant Co Hospital Dist dba JPS Health Network
Defendant's Name and Address
( DO NOT USE "ET AL.")

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? X YES ___ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: ___
2. Parties to previous lawsuit:
   Plaintiff(s) See Pacer or NexGen
   Defendant(s) ___
3. Court: (If federal, name the district; if state, name the county.) ___
4. Cause number: ___
5. Name of judge to whom case was assigned: ___
6. Disposition: (Was the case dismissed, appealed, still pending?) ___
7. Approximate date of disposition: ___

II. PLACE OF PRESENT CONFINEMENT: Tarrant County Jail-Green Bay facility

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: JKD
100 N. Lamar
Ft Worth, TX 79196

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bill WayBorn, Tarrant Co Sheriff
See Amended Petition and Memorandum

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: Tex Comm on Jail Standards

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
See Amended Petition and Memorandum

Defendant #3: Tarrant County Hospital Dist dba JPS Health Network

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
See Amended Petition and memorandum

Defendant #4: Tarrant County Commissioners Court

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: Fort Worth Police Officer John Doe(s)

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I have been denied adequate medical care for serious Endocronolgy illness Hashimoto's Disease. I have been denied access to Endocronogist/Internist Specialist and suffer pain, suffering due to treatment by unqualified Physician Asstants. I have been denied adequate treatment of symptoms exacerbated by denying vital medication Liothyronine. Custodian and their medical Provider patently refuse to make Hippa request to my Specialist and among other scoff & ridicule dozens of pleas for treatment. Pretrial detainee Punished

On Sept 25 I was savagely assaulted by 3 (or more) Sheriff deputy under the guise of 'refusing to be fingerprinted' after getting fingerprints I was drug down the hallway while screaming in agony on camera, and taken into holdover and beaten, cracked or brused ribs. Pretrial detainee punished

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Prel. Inj (Rule 65) (→ Medical treatment), appointment of Counsel (to Amend (Rule 12(e))), Subpoena all grievances and Tablet messages, SPEARS hearing

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

None

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

None

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES _X_NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): ____________

2. Case number: ____________

3. Approximate date sanctions were imposed: ____________

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES X NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division):____
2. Case number:____
3. Approximate date warning was issued:____

Executed on: 1-18
DATE

(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 18th (Day) day of Jan (month), 20 23 (year).

(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

JKD, Relator Sui Juris ) In the District Court
v. )
Tarrant Co. Sheriff; ) For the 432nd Judicial District
Tarrant Co. Dist. Atty; ) Tarrant County, Texas

Application for Leave to File Petition for Writ of Mandamus

To The Honorable 432nd District Court Judge:

COMES NOW, JKD, Relator; and asks for leave of Court to file a Petition for Writ of Mandamus and would show the following:

This is an extraordinary matter that requires the District Court to exercise it's civil jurisdiction to issue Mandamus to the Respondants because Relator has no adequate remedy at law. Relator is confined at the Tarrant County-Green Bay Unit 2500 Urban Drive Ft. Worth, TX 76106 under restraint of Excessive bail he cannot post. The Criminal jurisdiction has refused to set for hearing his habeas and other motions that could free him and allows Relator to languish without the effective assistance of Counsel.

Having been denied rudimentary protections detailed in Tex Const, Art I; US Const 'Bill of Rights'; Relator has been subjected to a draconian enviroment controlled & operated by Respondant Sheriff with very little, if any, adherance to Tx Commission on Jail Standards or 8th, 14th Amendment jurisprudence that's allowed to fester by deaf-ear/blind-eye of Respondant Dist Atty... in the areas of:

(a) Adequate access to Medical Care: Estelle v. Gamble, 429 US 97 (1976)
(b) Adequate access to Courts: Christopher v. Harbury, 536 US 403 (2002)
(c) Adequate plumbing/Sanitation: Helling v. McKinney, 509 US 25 (1993)
(d) Unobstructed legal mail in/out of jail: Brewer v. Wilkinson, 3 F.3d 816 (5th 1993)
(e) Adequate diet of sufficient calorie intake, vitamin/nutrition. Strope v. Sebelius, 189 F.Appx 763
(f) Humane treatment by guards. Porter v. Nussle, 534 US 516 (2002)
(g) Excessive force, unjustified, by guards: Hudson v. McMillian, 503 US 1 (1992)

(h) Adequate grievance mechanisms to ensure receipt and timely returned answer.

(i) Constitutionally adequate disciplinary procedures. Wolff v. McDonnell, 418 US 539 (1974)

In consideration of these incidents individually (see Tx PC §39.02; 39.03(a)(1), (2); 39.04(a)(1); 18 USC §242) or under a theory of 'totalitary of Conditions' (See 18 USC §241 & §1961) criminal acts are occuring that are not recieving the proper deterrant from Respondants.

This Petition seeks a two part mandamus remedy:

(a) Tx Gov't Code §552.321 Records showing compliance with Jail Standards. See Tx. Local Gov't Code Chapter 351 (Generally), Specifically §351.002, 351.041

(b) General Mandamus command to adhere to State and Federal Law, but also several specific commands for ministerial duties owed by both Respondants.

These records and documents are relevant to the Court's jurisdiction in future proceedings, but these documents will serve as the baseline for 'Municiple liability', 'Failure to train' claims (See Canton v. Harris, 489 US 378 (1989)) as well as clearly demonstrate for 8th, 14th Amendment purposes what "is known or should be known" about gross deprivations of basic human needs in this facility for the elevation of mere neglegence to the recklessness standard of 'Deliberate Indifference' for 42 USC §1983 suit. The grievances of the past 5 years should serve sufficiently where Respondants "have stripped them of virtually every means of self-protection, foreclosed their access to outside aid, the Gov't and it's officials are not free to let the state of nature take it's course." Farmer v. Brennan, 511 US 825, 833 (1994). These 'conditions of Confinement' serve no 'legitimate penological objective' Hudson v. Palmer, 468 US 517, 548 (1984) and are well overdue to endure Constitutional scrutiny.

Respectfully

/s/ Joseph Dingler

J Dingl

joseph.dingler@yahoo.com

Ex 1.1

JKD, Realator-Sui Juris ) In The District Court
v. )
Tarrant County Sheriff. ) For The 432nd Judicial District
Tarrant County Comm Court; ) Tarrant County, TX

Petition and Suit for Writ of Mandamus

To The Honorable Judge of Said Court:

## I. Statement of the Case

1. This Petition arises out of a request to Executive Branch Official for documents and the specific performances of ministerial duties owed to the citizens of the municipality, which has been complicated, frusterated by a labyrinth of statutes, byzantine laws and convoluted procedures that operate to hide "a matter that's both newsworthy and of great public importance" See Pell v. Procunier, 417 US 817, 830, N.7 (1974) and to further enable both dereliction of duty owed and criminal acts under Tex Penal Code §§39.02(a); 39.03(a)(1),(2); 39.04(a)(1).

This Petition seeks a two part remedy by Mandamus; (a) ministerial duties owed and (b) documents required by mandatory statutory language.

## II. Statement of Jurisdiction

2. Tex Const Art 5, §8: District Court jurisdiction consists of... original jurisdiction of all actions, proceedings and remedies... District Court judges **shall have** the power to issue writs necessary to enforce their jurisdiction, See also Tex Gov't Code §24.011

A. This civil matter is a controversy that exceeds $501 dollars. Tex Gov't Code §24.007

3. A Requestor... may file suit for a writ of mandamus compelling a gov't body to make information available for public inspection... or refuses to supply public information... A suit filed by a requestor under this section **MUST** be filed in a

district Court for the County in which the main office of the Gov't body is located. See Tex. Gov't Code § 552.321

## III. Issues Presented and Contentions

4. "While a sentanced inmate may be punished in any fashion NOT cruel and unusual, the Due Process clause forbids punishment of a person held in custody awaiting trial but not yet adjudged of any crime." Jones v. Diamond, 636 F.2d 1364, 68 (5th 1981) See Generally Bell v. Wolfish, 441 US 520 (1979) (In evaluating constitutionality of conditions or restrictions of pretrial detention that implicates protection against deprivations of liberty without Due Process, proper inquiry is wheather these conditions amount to punishment of detainee.)

A. Kingsley v. Hendrickson, 576 US 389 (2015) (The Fourteenth Amendment's Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. A pretrial detainee must show only that force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of Fourteenth Amendment's Due Process Clause.)

B. Estelle V. Gamble, 429 US 97 (1976) (Infliction of unnecessary suffering on prisoner by failure to treat his serious medical needs is inconsistant with contemporary standards of decency and violates the Eighth Amendment's Punishments which are incompatable with evolving standards of decency that mark progress of maturing society or which involv unnecessary or wanton infliction of pain are repugnant to Eighth Amendment.)

C. Christopher v. Harbury, 536 US 403 (2002) (Regaurdless of whether the [Access to courts] claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the point of recognizing an access claim is to provide some effective vindication for a seperate and distinct right to seek judicial relief for some wrong)

D. Wolff v. McDonnell, 418 US 539 (1974) (Some Kind of hearing is required at some time before a person is finally deprived of his liberty). The strong considerations of comity require giving the State municipality first opportunity to correct it's own errors regarding procedural problems in it's Disciplinary

proceedings. See Preiser v. Rodriguez, 411 US 475 (1973), Wilkinson v. Austin, 545 US 209 (2005) (The 14th Amendment Due Process Clause protects against deprivations of life, liberty or property and those who seek to invoke it's procedural protections must establish that one of those interest is at stake.)

5. "To prevent further constitutional deprivations in respect to jail conditions, a Court may order forms of relief not normally required by the Constitution but nevertheless, given the circumstances, if the Court's efforts are to be sucessful." Smith v. Sullivan, 611 F. 2d 1039 (5th Cir 1980). Where Constitutional deprivations are established, either in specific instances or by the 'totality of conditions' within the jailhouse for a pretrial detainee... "Each factor seperately, may not rise to Constitutional dimensions; however, the effect of the totality of these circumstances is the infliction of punishment on [pretrial detainees] violates the Eighth Amendment (See Gates v. Collier, 501 F.2d 1291 (5th Cir 1974)) " "contemporary standards of decency" Deshaney v. Winnebago County, 489 US 189 (1989)).

"The Constitutional rights of a pretrial detainee, on the other hand, flow from both the Procedural and Substantive Due Process guaranteeds of the Fourteenth Amendment. See Bell v. Wolfish, 441 US 520 (1979) Significantly, Bell instructs the State MUST distinguish between pretrial detainees and convicted felons: The State cannot punish a pretrial detainee. id @ 535" Hare v. City of Corinth, 74 F.3d 633 (5th Cir 1996) (pretrial detainee cannot be subjected to conditions or restrictions that are not reasonably related to legitimate governmental purpose.) The federal Courts may, and must, if the issue is appropriately presented, intervene. Trop V. Dulles, 356 US 86 (1958) (The words of the Eighth Amendment are not precise and their scope is not static the Amendment must draw it's meaning from the evolving standards of decency that mark the progress of a maturing Society.)

A. Green Bay Operations interfering with or obstructing USPS delivery.
B. Denial of nutritionally adequate food; excessive starch & bread, limited fruit & vegetables.
C. No access to sunlight, Counter-intuitive to mental wellbeing.
D. 24 hour cell lighting causing sleep deprivation.
E. Security walk-through every 20 minutes while sleeping, slaming cell doors
F. Deprivation of protection from the cold

G. Deprivation of adequate daily access cleaning tools and chemicals
H. Deprivation of adequate daily recreation, Restriction on incell exercise.
I. Deprivation of personal property, post deprivation remedy absent.
J. Psuedo implementation of 'Building Tender' system from failure to train, Supervise.
K. Gross Deprivation of sanitary showers, shower-areas
L. Deprivation of adequate or timely maintenance or plumbing
M. Inadequate Classification, inmate housing
N. Deprivation of adequate access to dental hygiene
O. Deprivation of adequate ventalation, fresh air

6. The US Supreme Court first addressed the totality approach in Hutto v. Finney, 437 US 678 (1978) in affirming the lower court stated, 'the interdependance of the conditions producing the violation." Id @ 688 Later in Rhodes v. Chapman, 452 US 337 (1981), the court again stressed that conditions "alone or in combination" may deprive inmates of Eighth Amendment protections. Id @ 347 "Conditions of confinement may establish an 8th Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise." Gates v. Cook, 376 F.3d 323 (5th Cir 2004). While this totality approach is rock solid in a post-conviction prison setting, for 8th Amendment purposes... pretrial detainees fall under the 14th Amendment and although the Courts have easily transferred 8th Amendment jurisprudence to apply in 14th Amendment context, there is room in 14th Amendment context [jurisprudence to give a pre-trial detainees a broader view of what is Constitutionally unacceptable conditions of confinement over 8th Amendment holdings.

7. In DeShaney v. Winnebago Co, 489 US 189 (1989) the Court held 'Purpose of the Due Process clause was to protect the people from the State, Due Process Clause forbids the State itself to deprive individual life, liberty or property without Due Process of Law'. Under the 'Special Relationship Doctrine', as to be considered here, when the State take a person into it's custody; for less than infamous criminal allegations,

and holds him there against his will; under excessive bond that cannot be posted due to indigency and then deprives him of automatic periodic reduction of surety; Constitution imposes upon it a corresponding duty to assume some responsibility. The affirmative duty to protect from inhumane conditions, whether individually or in totality, doesn't derive from a subjective standard of 'what the state knows or should know'; but rather from the objective standard which is called upon by limiting his freedom to act on his own behalf. The 'Special Relationship' here, or the state-created liberty interest between any pretrial detainee and the state comes from Tex Const Art 1 §11, §13 that guarantees 'All prisoners **shall be bailable** by sufficient sureties, unless for Capital Offenses.

## IV. Duties owed and Mandamus Commands

8. Tex. Local Gov't Code §351.041- Sheriff: (a) The Sheriff of each County is the keeper of the County jail. The Sheriff **shall** safely keep all prisoners committed to the jail by a lawful authority...(b)...the sheriff **shall** continue to exercise supervision and control over the jail.

A. Authority to supervise, direct, or control actual daily operations of county jail is vested in office of the Sheriff although commissioners Court does have general responsibilities in connection with operation of the jail. (1978) Tx Atty Gen Op. No. H-1190. See also Witchita County v. Vance, 217 S.W.2d 702 (1949)

B. "Sheriff and surety were liable for breach of official duty on part of deputy sheriff and jailer..." Bracken v. Cato, 54 F.2d 457 (5th Cir 1932)

C. County Commissioners Court has authority to contract with licensed physician to provide medical services to inmates incarcerated in county jail. (1992) Tex. Atty Gen. Op No. DM-111.

9. Tex. Local ~~Code~~ Gov't Code §351.002- Jail Standards: ...Each county jail **MUST** comply with the minimum standards and the rules and procedures of the Commission on jail standards.

A. Signature Services, Inc V. Tarrant County, 877 S.W. 2d 465 (Tex App 2 1994) Compliance with [minimum jail standards] may be enforced against both County and Sheriff, and County has continueing exposure and potiential liabilities respecting noncompliance with those standards.

10. Tex Gov't Code §24.020 - Jurisdiction over Commissioners Court: The District Court has general supervisory control over the Commissioners Court, with the exceptions and regulations presecibed by law. See Tex Const. Art 5, §8

A. Performance of a contract (JPS contract for Medical care at County jail, for example) may be specifically enforced by District Court writ for contractor's violation of the contract. See Altesse Healthcare v. Wilson, 540 S.W.3d 570 (Tex 2018), Lifeguard Benefit Services, 308 S.W.3d 102 (Tex App 2 2010) (Court [ordered] health benefits services admin to turn over customer and member data)

11. Relator seeks a mandamus order to the Respondants to turn over all contracts that deal with, are the subject of, or mention or construe any dealings or operations or services offered at Tarrant County jail - Green Bay facility.

12. Realtor seeks a mandamus order to the Respondants to turn over all documents that deal with, are the subject of, or mention or construe the minimum jail standards for the Tarrant County jail - Green Bay facility, including but not limited to operational compliance with or training provided to guards and any requirement for sucessful and satisfactory completion of such training, and/or Sheriff implementation of or demands for these bare minimums.

13. Relator seeks a mandamus order to the Respondants, generally, to comply with the bare minimums outlined and demanded by Texas Commission on Jail Standards, as well as adherence to 8th and 14th Amendment requirements for pre-trial detainees in the areas of: (a) Excessive force by guards; (b) Meaningful

access to qualified specialist doctors for serious medical conditions; (c) Adequate Access to Courts including, but not limited to, (i) adequate access to tablet with WestLaw w/out conflict with other inmates desire to be entertained, (ii) adequate grievance procedures; (d) Disciplinary proceedings compliant with 14th Amendment Due Process; (e) Nutritionally adequate and balanced diet not overloaded with bread and starch, (f) Adequate access to cleaning supplies and chemicals for sanitary and hygienic concerns; (g) Adequate water supply, plumbing and timely maintenance of these basic necessities of life; (h) Adequate classification and housing; (i) Adequate Communication with the outside world via Mailroom and Securus phone.

14. Relator seeks a mandamus order directly to Respondant Tarrant County Commissioners Court to enforce and demand the specific performance of John Peters Smith's Hospital's contractual obligation in providing healthcare at Green Bay facility; including but not limited to: Demand of JPS Hospital CEO, Dr. Karen Duncan, comply with her Hippocratic Oath 'First, do no harm!' as well to all Doctors, Physician Assistants and Nurse Practitioners at the Green Bay facility... in reguards to Relator's serious endocrinology illness.

15. Relator seeks a mandamus order directly to Respondant Tarrant County Sheriff commanding they either personally or through subornate leadership; to include Cptn Pilkington, Lt. Radford; to maintain minimum jail standards and Constitation standards under the 8th and 14th Amendment.

16. Relator also seeks any and all other necessary orders of this Court to enforce it's jurisdicition and as the Court believes to see the ends of justice are met.

## V. Prayer

In all things considered, let this Court ensure that justice be done; however inartfully pleaded Relator prays this Court understands as a non-attorney he must be held to 'less stringent standards than formal pleadings drafted by lawyers' Haines v. Kerner, 404 US 519-20(1972). And Relator understands nonetheless his pleading must contain "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on it's face." Ashcroft v. Iqbal, 556 US 662, 678 (2009) See also Erickson v. Pardus, 551 US 89, 94 (2007)(rephrasing Haines v. Kerner) "Under the notice pleading standard, specific facts are not necessary; the statement need only give the [Respondant] fair notice of what the claim is and the grounds upon which it stands." Id@93.

At this stage, Relator is only asking this court to compell production of documents to enable adequate pleading in Federal Court... this is sufficient notice to Respondants of problems, issues...; but also asks of this Court under it's Mandamus power to compel ministerial duties owed, recklessly ignored, and as such affirms notice to the Respondant tortfeasors of the punishment it inflicts upon those citizens which are to enjoy the presumption of innocence.

Respectfully
/s/ Joseph Dingler
Joseph.Dingler@yahoo.com

Unsworn Declaration Tex. Civ. Prac & Rem §132.001

I, Joseph Dingler, Relator and being confined in Tarrant County Green Bay facility under CID# 0989164, do declare under penalty of perjury that the foregoing is true and correct, to the best of my abilities while under egregious conditions of confinement.

[signature]

Ex 2

EX#2

EX#2

Privileged Cor

be opened onl

to locating

respondence -
in the presence
spection limited
ntraband.

Torris Kiser Cid#0366400
100 N. Lamar
Ft Worth, TX 79196

X-RAY

LEGAL MAIL

US POSTAGE PITNEY BOWES $002.46

RECEIVED
FEB - 7 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

US District Court
Northern District of Texas
510 W. 10th St.
Ft Worth, TX 76102


Tarrant County Green Bay Law Library